**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: JOHN F. FLYNN,
                            *Debtor,*

ELSIE C. STINE,
                            *Appellant,*

v.

RICHARD K. DIAMOND, Trustee,
                            *Appellee.*

No. 03-56340

BAP No.
CC-02-01553-KPB

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brandt, Perris, and Klein, Bankruptcy Judges, Presiding

Argued and Submitted
May 2, 2005—Pasadena, California

Filed August 10, 2005

Before: Edward Leavy, Raymond C. Fisher, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Leavy

## COUNSEL

Claudia Kloss, Venice, California, for the appellant.

Steven J. Schwartz, Danning, Gill, Diamond & Kollitz, LLP, Los Angeles, California, for the appellee.

## OPINION

LEAVY, Senior Circuit Judge:

Elsie Stine, the co-owner of real property with the bankruptcy debtor, John Flynn, appeals the Bankruptcy Appellate

Panel's (BAP) decision that she was required to pay a pro-rata share of the attorney's fees incurred by the bankruptcy trustee during the sale of the property. Stine also appeals the BAP's decision to permit the trustee to withhold Stine's share of the sale proceeds. We have jurisdiction under 28 U.S.C. § 158(d), and we reverse.

## BACKGROUND

Elsie Stine's son, John Flynn, filed a Chapter 7 bankruptcy case on July 30, 2001. Richard Diamond was appointed trustee. The property of Flynn's estate included a 50 percent interest in real property located in Downey, California. The other half interest was owned by Stine.

At the time the bankruptcy case was filed, the property was the subject of a state court partition action between Stine and Flynn. After the trustee stepped in and continued to litigate the partition action, the trustee and Stine agreed to sell the property under 11 U.S.C. § 363(h).[1] They reserved, without resolving, other claims in the partition action.

The sale of the property produced approximately $120,000 in net proceeds after the payment of outstanding liens and real estate commissions. Under § 363(j), the trustee applied for attorney's fees incurred by his law firm for services allegedly chargeable to the proceeds prior to distribution, including fees for (1) defending the property from relief from stay proceedings ($3,430.00); (2) marketing and selling the property ($20,368.50); (3) litigating the partition suit and negotiating the proposed stipulation with Stine ($7,109.50); and (4) clearing a cloud on title created by an unauthorized deed on the property ($6,507.00).

---

[1]Section 363(h) permits the trustee to sell both the estate's interest and any co-owner's interest in property under certain circumstances. *See* 11 U.S.C. § 363(h) (2005).

Stine argued that the requested attorney's fees should be paid solely from the estate's one-half share of the sale proceeds. The bankruptcy court granted the trustee's motion for fees in part, finding that only $23,798.50 (the first and second requests) were sufficiently related to the sale of the property. Based on its finding that these fees "directly benefitted" Stine, the court ordered Stine to pay a pro-rata share or $11,899.25 from her portion of the proceeds.

The bankruptcy court also granted the trustee's motion for an order permitting him to withhold Stine's share of the sale proceeds pending resolution of the remaining claims in the partition action.

Stine appealed the bankruptcy court's charge of attorney's fees against her share of the proceeds and its order permitting the trustee to withhold her portion of the proceeds. The BAP affirmed and Stine timely appealed.

## STANDARD OF REVIEW

This court independently reviews a bankruptcy court's rulings on appeal from the BAP. *See In re Deville*, 361 F.3d 539, 547 (9th Cir. 2004). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *See In Re Dawson*, 390 F.3d 1139, 1145 (9th Cir. 2004).

## ANALYSIS

[1] Both issues raised by Stine on appeal, the charging of attorney's fees against her share of the proceeds and the withholding of the proceeds, require our interpretation of 11 U.S.C. § 363(j). Therefore, our analysis begins with the statute:

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such prop-

erty, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

11 U.S.C. § 363(j) (2005).

[2] The plain meaning of § 363(j) is that only costs and expenses which do not include compensation of the trustee may be deducted from the proceeds before they are divided. Thus, the question before us is whether the attorney's fees at issue constitute compensation of the trustee. The attorney's fees in this case were incurred for preserving and disposing of the property within the bankrupt's estate. These are matters squarely within the duties of a Chapter 7 bankruptcy trustee. *See* 11 U.S.C. § 704 (2005); *Latman v. Burdette*, 366 F.3d 774, 784 (9th Cir. 2004); *In re United Ins. Mgmt., Inc.*, 14 F.3d 1380, 1386 (9th Cir. 1994). Therefore, under § 363(j), a pro-rata share should not have been charged against Stine's share of the proceeds.

[3] We reject the trustee's argument that the fees were properly charged to Stine because she directly benefitted from the attorney's work. We rejected a similar argument in *In re Golden Plan*, 829 F.2d 705 (9th Cir. 1987), where we held that, in the absence of authority in the governing statute (there § 506(c)), it was error for the bankruptcy court to charge a co-owner with expenses incurred in disposing of property, even when some of those expenses benefitted the co-owner. *Id.* at 713. As we noted, "it is not within the province of this court to depart from or enlarge upon the specific wording of the statute." *Id.* at 712 (internal citation and quotation omitted). Because § 363(j) provides no authority for the bankruptcy court to charge Stine the attorney's fees at issue, it was error for the court to require Stine to pay a pro-rata share.[2]

---

[2]We do not hold that attorney's fees are never chargeable to a co-owner under § 363(j). For example, in a jurisdiction where the services of an attorney are required at closing, those fees are part of the expense of sale of property.

**[4]** We again turn to the statute to determine whether it provides authority for the trustee to withhold Stine's share of the proceeds pending resolution of other claims in the partition suit. Section 363(j) mandates that, after the sale of the co-owned property, "the trustee *shall* distribute to . . . the co-owner of such property . . . the proceeds of such sale . . . according to the interests of such . . . co-owner and of the estate." 11 U.S.C. § 363(j) (emphasis added). Again, the plain language of the statute directs the trustee immediately to distribute proceeds after the sale. Thus, the bankruptcy court erred when it permitted the trustee indefinitely to withhold Stine's portion of the sale proceeds.

**REVERSED AND REMANDED** for immediate distribution of Stine's full share of the sale proceeds.